PATRICIA L. GLASER - State Bar No. 55668
pglaser@glaserweil.com
ADRIAN M. PRUETZ - State Bar No. 118215
apruetz@glaserweil.com
ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
GLASER WEIL FINK JACOBS
  HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

Attorneys for Plaintiff
Tiger, LLC

Joel E. Boxer - State Bar No. 50169
    jeb@birdmarella.com
Mitchell A. Kamin - State Bar No. 202788
    mak@birdmarella.com
Bonita D. Moore - State Bar No. 221479
    bdm@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT,
   NESSIM, DROOKS & LINCENBERG, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants Twentieth
Century Fox Film Corporation and
Chernin Entertainment, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TIGER, LLC, | CASE NO. CV 12-2183 DMG (AJWx) |
| Plaintiff, | **PROTECTIVE ORDER** |
| vs. | *[Joint Stipulation Regarding Protective Order Filed Concurrently]* |
| TWENTIETH CENTURY FOX FILM CORPORATION; CHERNIN ENTERTAINMENT, LLC; and DOES 1 through 10, | |
| Defendants. | |

2901905.1

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, this Protective Order is between plaintiff Tiger LLC ("Plaintiff") and defendants Twentieth Century Fox Film Corporation and Chernin Entertainment ("Defendants"). (Plaintiffs and Defendants are collectively referred to herein as the "Parties"). The purpose of this Protective Order is to preserve the confidentiality of certain documents and information that will be produced by the Parties during discovery. Among other information, the Parties have requested and/or will request contracts, agreements and other documents containing non-public terms, financial information and other private information which one or more of the Parties claim to be confidential. In order to preserve the confidentiality of documents and information that will be produced, the Parties have requested that the Court issue a Protective Order on the terms set forth herein.

# I

## INFORMATION SUBJECT TO THIS ORDER

1. This Protective Order shall apply to all information, documents, testimony, or other things subject to discovery in this action that contains proprietary, confidential, trade secret, or commercially sensitive information, as well as any copies, excerpts, summaries, derivations or compilations of any of the foregoing contained in any pleadings, reports, discovery responses, correspondence, documents or things (collectively, "Discovery Material")—namely, any information, documents, testimony, or other things designated "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" under this Protective Order. As used herein, "Producing Party" shall refer to any party, including the parties to this action and non-parties, who disclose and/or produce any Discovery Material in this action. "Receiving Party" shall refer to the parties to this action who receive Discovery Material from a Producing Party.

2. Any party or non-party from whom discovery is sought in this action, and who is producing or disclosing Discovery Material, may designate it as set forth

herein as: (a) CONFIDENTIAL, or (b) ATTORNEYS' EYES ONLY subject to this Protective Order if it contains confidential, proprietary, and/or trade secret information.

3. In the absence of written permission from the Producing Party, Discovery Material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY:

(a) shall be protected from disclosure as specified herein, unless (i) the Producing Party states otherwise in writing, or (ii) a party obtains an order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected or should be subject to an alternative designation; and

(b) shall be used only for purposes of this litigation, and not for any other purpose whatsoever, including but not limited to any business, competitive, or governmental purpose or function or for any other litigation.

4. The Producing Party may designate documents or other tangible Discovery Materials by placing the following legend or similar legend on the document or thing: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Notwithstanding anything to the contrary in this Protective Order, when the Producing Party is a non-party, any party to this action may designate (as appropriate under the provisions of this Protective Order) any and all Discovery Materials produced by the non-party by sending a letter to all parties and the producing non-party notifying them of the party's designations, as well as a copy of the designated pages marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each page that contains Confidential Material.

(a) Written discovery may be designated by placing a legend on every page of the written material prior to production stating one of the following: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(b) Parties or testifying persons may designate depositions and other testimony as CONFIDENTIAL or ATTORNEYS' EYES ONLY by indicating on

1 the record at the time the testimony is given or by sending written notice that the
2 testimony is designated within thirty (30) days of receipt of the hard copy transcript
3 of the testimony.

4      5.      A Producing Party may designate Discovery Material as
5 CONFIDENTIAL if it comprises, includes or reflects non-public, confidential,
6 proprietary, and/or commercially sensitive information.  Examples of
7 CONFIDENTIAL material include:  (i) non-public financial information; (ii) non-
8 public business and/or marketing plans (iii) non-public financial and/or accounting
9 information; or (iv) other similar material that the Producing Party in good faith
10 considers confidential and not publicly available.  Discovery Material designated as
11 CONFIDENTIAL may be disclosed only to the following:

12      (a)     Outside litigation counsel of record and supporting personnel employed
13 in the law firm(s) of outside litigation counsel of record, such as attorneys,
14 paralegals, clerks, secretaries, and clerical personnel;

15      (b)     Internal counsel, and paralegal or support personnel working with those
16 counsel, associated with a party who either have responsibility for making decisions
17 dealing directly with the litigation of this action or who are assisting outside counsel
18 in preparation for proceedings in this action;

19      (c)     Officers, directors or employees of a party, and paralegal or support
20 personnel working with those officers, directors or employees, who either have
21 responsibility for making decisions dealing directly with the litigation of this action
22 or who are assisting outside counsel in preparation for proceedings in this action;

23      (d)     The Court, its personnel and stenographic reporters;

24      (e)     Independent court reporters and videographers retained to record and
25 transcribe testimony given in connection with this action; independent copying,
26 scanning, technical support and electronic document processing services retained by
27 counsel in connection with this action; graphics, translation, or design services
28 retained by counsel for purposes of preparing demonstrative or other exhibits for

deposition, trial or otherwise in connection with this action, provided they agree to maintain the confidentiality of any Protected Information; and non-technical jury or trial consulting services retained by counsel in connection with this action, and mock jurors, provided they agree to maintain the confidentiality of any Protected Information; and

    (f)    Experts or consultants of the parties (and their secretarial and clerical personnel) retained to assist counsel in this case and any party's insurer who needs to see Confidential Materials for purposes of this litigation who have signed the form attached hereto as Exhibit A.

    6.    A Producing Party may designate Discovery Materials at the time of disclosure as ATTORNEYS' EYES ONLY if, notwithstanding any overlap with the materials identified in Paragraph 5, the Producing Party in good faith believes the materials to be extremely confidential and/or sensitive in nature and reasonably believes that their disclosure is likely to cause economic or competitive harm to the Producing Party. The Parties agree that the ATTORNEYS' EYES ONLY designation might include, but shall not be limited to, the following categories of information: (i) confidential business, marketing, or strategic plans, including business, marketing, and technical information regarding future products; (ii) highly confidential and commercially sensitive trade secrets or technical information; and (iii) confidential agreements with third-parties. Discovery Material designated as ATTORNEYS' EYES ONLY may be disclosed only to the following:

    (a)    Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, clerks, secretaries, and clerical personnel;

    (b)    Internal counsel, and paralegal or support personnel working with those counsel, associated with a party who are not involved in day-to-day business operations and who have responsibility for making decisions dealing directly with the litigation of this action or who are assisting outside counsel in preparation for

1  proceedings in this action;

2    (c) Court, its personnel and stenographic reporters;

3    (d) Independent court reporters and videographers retained to record and
4  transcribe testimony given in connection with this action; independent copying,
5  scanning, technical support and electronic document processing services retained by
6  counsel in connection with this action; graphics, translation, or design services
7  retained by counsel for purposes of preparing demonstrative or other exhibits for
8  deposition, trial or otherwise in connection with this action, provided they agree to
9  maintain the confidentiality of any Protected Information; and non-technical jury or
10 trial consulting services retained by counsel in connection with this action, and
11 mock jurors, provided they agree to maintain the confidentiality of any Protected
12 Information; and

13   (e) Experts or consultants of the parties (and their secretarial and clerical
14 personnel) retained to assist counsel in this case who have signed the form attached
15 hereto as Exhibit A.

## II

## LIMITATIONS ON THE USE OF PROTECTED DISCOVERY MATERIAL

18   7. All persons receiving CONFIDENTIAL or ATTORNEYS' EYES
19 ONLY Discovery Material are prohibited from disclosing it to any person, except in
20 conformance with this Protective Order.  Each individual who receives any
21 CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material hereby
22 agrees to be subject to the jurisdiction of this Court for the purpose of any
23 proceedings relating to the performance under, compliance with, or violation of this
24 Protective Order.

25   8. Any documents, responses to written discovery, deposition testimony,
26 deposition exhibits or other information that have been designated as
27 "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall be referred to
28 hereinafter as "Confidential Materials."

1  9. Any and all Confidential Materials shall be used only for purposes of
2  the preparation and trial of this action and any related appellate proceeding and for
3  no other purpose, including without limitation any commercial or business purpose
4  or any other litigation, whether involving the Parties or otherwise. All persons who
5  see any Confidential Materials shall be bound by the terms of this Stipulation and
6  Order.

7  10. Any and all Confidential Materials shall be maintained solely in the
8  possession of the Parties' respective counsel of record and unless directed otherwise
9  by Court order.

10  11. Any party may disclose CONFIDENTIAL Discovery Material to a
11  witness and his or her counsel during a deposition. Before disclosure under this
12  paragraph is made, such witness and his or her counsel shall be given a copy of this
13  Stipulation and Order and shall be advised that the provisions of this Stipulation and
14  Order are applicable to them. Non-party witnesses shall sign an agreement to be
15  bound by this Stipulation and Order, as attached hereto as Exhibit A.

16  12. In the event that any motion, pleading or other court document is filed
17  that attaches or refers to the contents of any Confidential Materials, said motion,
18  pleading or other court document shall be governed by the terms of this Stipulation
19  and Order, shall be filed under seal, and shall state on its face that the motion,
20  pleading or other court document is being filed under seal pursuant to the terms of
21  this Stipulation and Order. The party desiring to file any Confidential Information
22  with the Court shall follow and comply with Central District Local Rule 79-5.

23  13. Any depositions, motions, pleadings or other court documents that are
24  to be filed under seal shall be filed in a sealed envelope marked on the outside with
25  the title of the action, an identification of each document within the envelope, and a
26  statement substantially in the following form:

27  "Confidential - Subject to Protective Order Issued by the Court. This
28  envelope (or container) containing the above-identified papers filed by (name of

party) is not to be opened or the contents thereof displayed or revealed except by Court order or by agreement of the Parties."

No sealed or confidential record of the Court maintained by the Clerk shall be disclosed except upon written order of the Court.

14. Nothing contained herein shall prevent any party from using or disclosing its own Confidential Materials without having to comply with the terms of this Order.

15. This Stipulation and Order shall be without prejudice to the rights of the Parties to apply to the Court for additional, different, or removal of protection if they deem it necessary to do so.

16. In the event that a party objects to the designation of any document, transcript or other information as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" and wants to have it treated as a less restrictive designation or non-confidential, that party must notify the designator in writing. Any such notice shall identify the document, transcript or other information to which the objection is directed with sufficient particularity to allow the designator to review the specific information in question. If the status of the document, transcript or other information in question cannot be resolved informally within ten (10) days of the time the notice is received (the "meet and confer period") it shall be the obligation of the party seeking to challenge the designation to file, within fifteen (15) days of the expiration of the meet and confer period, an appropriate motion requesting that the Court rule that the disputed information is not subject to the protection invoked. It shall be the burden of the party, person or witness who designated the document, transcript or other information as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" to establish the proprietary of the designation. Disputed material shall remain protected as designated under this Order until the Court rules on the motion regarding that designation.

17. Failure to designate information or material as "CONFIDENTIAL" or

"ATTORNEY'S EYES ONLY" at the time of production shall not waive a Party's right to later add such a designation. However, no Party shall be deemed to have violated this Protective Order if, prior to any later designation, such information or material has been disclosed or used in a manner inconsistent with its later designation as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." Once a designation is made, the material containing confidential information shall be treated as "Confidential Material."

18. The inadvertent production of privileged documents or information to the Receiving Party shall be governed by Federal Rule of Evidence 502(b) and Federal Rule of Civil Procedure 26(b)(5)(B).

19. If a Receiving Party learns, by inadvertence or otherwise, that it has disclosed Confidential Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure, (b) use its best efforts to retrieve all copies of the Confidential Material, (c) inform the person to whom unauthorized disclosure was made of all terms of this Protective Order, and (d) request such person to execute an agreement to be bound by this Stipulation and Order, as attached hereto as Exhibit A.

20. Nothing contained herein shall be deemed to prejudice the right of any party to object to the production of Confidential Materials if requested during discovery and this Stipulation and Order shall not be used by any party to overcome any such objection.

21. Prior to the final pretrial conference in this matter, either party, or the Parties jointly, may move for an order that would maintain the confidentiality of materials to be used as evidence at trial. The Parties recognize that the Court will require that good cause be shown in order to prevent the disclosure of previously designated Confidential Materials at trial.

22. At such time as this matter is resolved, either by settlement or by trial,

including appeal, all copies of all Confidential Materials in the possession of the Parties' counsel shall be destroyed or returned to and placed in the custody and control of the party which produced said Confidential Materials.  In the event the documents are destroyed, rather than returned, a sworn certification to that effect shall be provided to all counsel.

23.     This Stipulation and Order shall remain in effect, including, but not limited to, after the final termination of this action, until another order modifies, supersedes or terminates it and shall be enforceable as any other order of the Court.

24.     Non-parties who produce information or provide testimony in connection with this action, whether in response to a subpoena or otherwise, may produce such information and/or testify pursuant to the protections afforded by this Stipulation and Order by complying with, and agreeing to be bound by, its terms. A non-party's use of this Order to protect its Protected Material does not entitle that non-party access to the Confidential Materials produced by any Party in this case.

25.     If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the Receiving Party must notify the Designating Party, in writing (by e-mail, if possible, and U.S. mail) within a reasonable time and in no event more than 3 business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or order.  Unless otherwise directed by the Designated Party, within 5 business days of receipt of the subpoena, the Receiving Party also must:  (a) provide written notice to the person or entity who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order; and (b) deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an

1  opportunity to try to protect its confidentiality interests in the appropriate court.  The
2  Designating Party shall bear the burden and the expense of seeking protection of its
3  confidential material in that court.  Nothing in this paragraph should be construed as
4  authorizing or encouraging a Receiving Party in this action to disobey a lawful
5  directive from another court.

7      IT IS SO ORDERED

9  Dated:  __9/5/2012

_____
Hon. Andrew J. Wistrich
Magistrate Judge, United States Judge

EXHIBIT "A"

Agreement Concerning Material Covered by Protective Order

I, the undersigned, acknowledge that I have read and understand the terms of the Stipulated Protective Order (the "ORDER") entered in the action, Tiger, LLC v. Twentieth Century Fox Film Corporation, et al., Case No. CV 12-2183 DMG (AJWx), United States District Court, Central District of California. I agree to comply with the terms of the ORDER. I further agree that I will not disclose documents or information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," except as specifically permitted by the terms of the ORDER, and that I will use the documents or information solely for purposes of this litigation in accordance with the ORDER. I further agree that at the end of my engagement, I will destroy or return to counsel copies of all documents provided to me which have been designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

Date: _____

_____
Printed Name